## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LEONARD HADLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-00103-JPG** |
| | ) | |
| **DR. LARSON,** | ) | |
| **PHILLIP McLAURIN,** | ) | |
| **VILLAGE OF CAHOKIA,** | ) | |
| **and SHERIFF JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Leonard Hadley commenced this action on January 28, 2016, by filing a complaint pursuant to 42 U.S.C. § 1983 against several St. Clair County Jail ("Jail") officials who allegedly denied him adequate medical care for an undisclosed terminal illness during his pretrial detention at the Jail in January 2016. (Doc. 1). Within days of filing his original complaint, Plaintiff filed a "notice" on February 8, 2016, in which he requested "additional complaint forms so that he might amend his complaint." (Doc. 9). The Court granted his request and ordered Plaintiff to file an amended complaint on or before March 23, 2016. (Doc. 10). His amended complaint followed on February 19, 2016, and it is now before the Court for preliminary review under 28 U.S.C. § 1915A. (Doc. 11).

### Merits Review Under 28 U.S.C. § 1915A

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As discussed in more detail below, the amended complaint does not survive screening under § 1915A and shall be dismissed.  However, Plaintiff will be given another opportunity to amend his complaint, consistent with the deadline and instructions for doing so in this Order.

### Amended Complaint

In his amended complaint, Plaintiff alleges that he is partially paralyzed.  (Doc. 11, p. 5). He sometimes requires the use of a wheelchair.  He also takes unspecified medications for an

undisclosed medical condition.  Unlike the complaint, the amended complaint mentions nothing about a terminal illness.  (*Id*.).

Plaintiff claims that the Village of Cahokia failed to accommodate his disability or provide him with adequate medical care during his pretrial detention at the Cahokia Police Department from January 3-7, 2016.  For four days, the Village allegedly held him "in violation of the federal and state laws."  (*Id*.).   This includes a 2½-day denial of medication. Plaintiff seeks monetary damages and injunctive relief against the Village.  (*Id*. at 6).

He also claims that three St. Clair County Jail officials, including Sheriff John Doe, Major McLaurin, and Doctor Larson, failed to accommodate his disability or provide him with adequate medical care for a 30-day period following his transfer to St. Clair County Jail on January 7, 2016.  (*Id*. at 5).   Although Plaintiff offers no specifics, he alleges that these defendants also failed to comply with federal law and subjected him to cruel and unusual punishment.  Plaintiff seeks only monetary relief against these officials.  (*Id*. at 6).

## Discussion

The amended complaint fails to state a claim upon which relief may be granted and shall therefore be dismissed.  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought."  FED. R. CIV. P. 8(a).  The allegations must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level."   *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).  The allegations in Plaintiff's amended complaint do not.

Plaintiff used this District's standard civil rights complaint form to prepare his amended complaint.  The form directs him to include a "statement of claim" that states "as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated."

(Doc. 11, p. 5). The form also instructs Plaintiff to "attach any relevant, supporting documentation" to the complaint. (*Id*.). Plaintiff's amended complaint does not provide this information.

In conclusory fashion, Plaintiff alleges that the defendants violated his state and federal rights. However, the amended complaint fails to identify which rights were violated or explain "when, where, how, and by whom" his rights were violated. (*Id*.). For example, Plaintiff offers virtually no details regarding: (1) the conditions he encountered at each facility; (2) the nature of his disability; (3) the accommodations he required; (4) his underlying medical condition; (5) his need for medication; (6) the medications he takes; (7) his attempts to request an accommodation, medical care, or medication; (8) each defendant's response; and (9) the consequences to Plaintiff. He also did not submit any documentation that provides this information. Without it, the Court cannot assess the merits of Plaintiff's claims against each defendant under § 1915A.

In addition, Plaintiff's style of pleading may run afoul of *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). In his amended complaint, Plaintiff brings two sets of claims against different groups of defendants. Plaintiff names the Village of Cahokia in connection with alleged violations of his state and federal rights at the Cahokia Police Department from January 3-7, 2016. He also names St. Clair County Jail officials for violations of his rights at the Jail for a thirty-day period beginning on January 7, 2016. The Court is unable to discern whether these two sets of claims against different defendants are related to one another.

In *George*, the Seventh Circuit held that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. at 607 (citing 28 U.S.C. § 1915(b), (g)). Federal Rule of Civil Procedure 18 allows a plaintiff to include in one complaint "every claim of any kind against a

single defendant."   *See* FED. R. CIV. P. 18(a).   Federal Rule of Civil Procedure 20 allows additional claims against separate defendants, but only if the additional claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."   *See* FED. R. CIV. P. 20(a)(2).   In other words, a "litigant cannot throw all of his grievances, against . . . different parties, into one stewpot."   *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

This appears to be exactly what Plaintiff has done in his amended complaint.   He has joined two discrete set of claims against different defendants in a single action.   The claims fall into two categories: (1) claims against the Village of Cahokia; and (2) claims against St. Clair County Jail officials.   By all indications, Plaintiff should have filed two separate lawsuits to address these claims, instead of one.

When a plaintiff presents the Court with a complaint that violates Rule 20, the Court may require a plaintiff to submit "separate complaints, each confined to one group of injuries and defendants," which will then be "separately screened."   *Id*.   Alternatively, the Court may sever unrelated claims against different groups of defendants into one or more additional lawsuits and assess a filing fee in each suit.   *See George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Because the Court cannot tell whether Plaintiff's claims are improperly joined in a single lawsuit given the sheer lack of information offered in support of his claims, Plaintiff will have the opportunity to decide which claims and defendants to include in his second amended complaint.

For now, the amended complaint shall be dismissed for failure to state a claim upon which relief may be granted.   The dismissal is without prejudice.   Plaintiff is granted leave to file another  amended complaint.

Plaintiff will be given thirty-five days to prepare a "Second Amended Complaint" that focuses on one group of injuries and defendants.   He must label his pleading "Second Amended

Complaint" and use this case number, *i.e.*, 16-cv-00103-JPG.  Plaintiff must include a complete "statement of claim" and "request for relief" that is consistent with the instructions on this Court's standard civil rights complaint form.  If Plaintiff chooses this path, he will only incur the filing fee for this action, and unrelated claims against different defendants that he omits from the second amended complaint will be considered abandoned by omission and dismissed without prejudice from this action.  *See Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015) (amendment of complaint is a proper method for "adding or dropping parties and claims" when claims are misjoined).

Plaintiff's other option is to *also* proceed with any unrelated claims in one or more separately filed actions.  If he chooses this path, Plaintiff must draft one or more additional "separate complaints, each confined to one group of injuries and defendants."  *Kadamovas v. Stevens*, 706 F.3d 843, 847 (7th Cir. 2013).  He should file each additional complaint as a *new* action.  Plaintiff will be obligated to pay a filing fee for each new action he commences. When deciding which claims to pursue in this action and which ones to pursue in separately filed actions, Plaintiff should remain mindful of the applicable statute of limitations.[1]

Finally, Plaintiff should be aware that every complaint is subject to preliminary review and a possible "strike" under § 1915A.  Every complaint is also subject to severance by this Court.  The Court retains authority to sever unrelated claims against different defendants into one or more additional lawsuits for which Plaintiff will be assessed a filing fee, if the Court concludes that the claims in the second amended complaint are improperly joined.  Because the Court takes no position regarding any of the above-listed claims, some of them may be subject to dismissal at screening even after the Court severs unrelated claims into new cases.  *See Wheeler*,

---

[1] Section 1983 claims brought by prisoners who were injured in Illinois are governed by a two-year statute of limitations."  *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).

689 F.3d at 683 (noting that a district court may "creat[e] multiple suits" before preliminary review in a misjoinder situation, which can then be "separately screened").

Plaintiff will be given thirty-five day from the date of this Order to choose which path he wishes to take. If he chooses neither and does not respond to this Court's Order, the Court will dismiss this case with prejudice and assess a "strike." *See* FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g). *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

## Pending Motions

### A.    Motion for Recruitment of Counsel (Doc. 3)

Plaintiff filed a motion for recruitment of counsel, which is hereby **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.

The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff discloses no efforts to secure counsel on his own. In addition, the Court notes that he has a college education and only requests an attorney because he is not one. While this may be true, Plaintiff demonstrates an ability to prepare pleadings, meet deadlines, and competently litigate this matter *pro se*.

At this early stage, the motion is denied. However, the denial is without prejudice, and the Court remains receptive to the idea of recruiting counsel should Plaintiff decide to renew his request at any time after filing his second amended complaint.

**B.      Motion for Federal Court Order (Doc. 12)**

Plaintiff's motion for federal court order allowing him to proceed with his claims and prohibiting the defendants from retaliating against him is hereby **DENIED** without prejudice. Plaintiff mentions nothing about threats of retaliation or actual retaliation by the defendants. His fear of retaliation appears to be just that—speculative and unfounded. Moreover, Plaintiff is no longer housed at the Cahokia Police Department or the Jail, rendering his request moot. If Plaintiff returns to either location and encounters retaliation by the defendants during the pending action, he is free to request injunctive relief, in the form of a temporary restraining order or preliminary injunction, pursuant to Federal Rule of Civil Procedure 65.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's amended complaint (Doc. 11) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file his "Second Amended Complaint" **on or before May 26, 2016.** Consistent with Rule 20, the second amended complaint should be limited to one group of injuries and defendants. Further, he should carefully follow the instructions set forth in

this Court's standard civil rights complaint form when preparing his statement of claim by clearly stating when, where, how, and by whom Plaintiff feels his constitutional rights were violated.  Should Plaintiff fail to file his second amended complaint within the allotted time, dismissal will become with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien*, 128 F.3d 1051; *Johnson*, 34 F.3d 466.  Further, a "strike" may be assessed.  *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file the second amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments.  Thus, the second amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the second amended complaint.  The second amended complaint is also subject to review pursuant to § 1915A.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with separate claims linked to other groups of injuries and defendants, he must do so by commencing a new action and filing a separate complaint therein.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a second amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 20, 2016**

*s/J. Phil Gilbert*
United States District Judge
