## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEONARD HADLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-00103-JPG |
| ) | |
| **DR. LARSON,** ) | |
| **PHILLIP McLAURIN,** ) | |
| **VILLAGE OF CAHOKIA,** ) | |
| **and SHERIFF JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case is now subject to dismissal. On April 20, 2016, this Court entered an Order (Doc. 13) dismissing Plaintiff Leonard Hadley's Amended Complaint[1] (Doc. 11) without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A. Plaintiff was ordered to file a Second Amended Complaint on or before May 26, 2016. (Doc. 13, pp. 8-9). He was warned that failure to meet this deadline would result in the dismissal of this action with prejudice and a "strike." (*Id*. at 7). The Order (Doc. 13) was mailed to Plaintiff at the address he provided to the Court in a Notice of Change of Address (Doc. 9): 515 St. Paul Drive, Cahokia, IL 62206. On May 10, 2016, however, the Order was returned to this Court because it was undeliverable. (Doc. 14).

On May 20, 2016, the Court entered a Notice of Impending Dismissal (Doc. 15). Plaintiff was given an additional fourteen days to provide the Court with his updated address and file a Second Amended Complaint pursuant to the Order at Document 13. Both were due on or

---

[1] The original Complaint (Doc. 1) was not screened pursuant to § 1915A because Plaintiff requested and was granted permission to amend the Complaint before it was screened. (Docs. 9-10).

before June 3, 2016. Plaintiff was again reminded that failure to provide the Court with this information by the deadline would result in dismissal of the action with prejudice. *Id*. (citing FED. R. CIV. P. 41(b)).

The deadline has now passed. Plaintiff has not filed a Second Amended Complaint. He has also not requested an extension of the deadline for doing so. Further, he has not provided the Court with an updated address, and Document 15 was returned to the Court as undeliverable on June 3, 2016.

**IT IS HEREBY ORDERED** that this case is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Orders of this Court (Docs. 13, 15) and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). Further, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because the First Amended Complaint also failed to state a claim upon which relief may be granted. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and the fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely

motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 6, 2016**

*s/J. Phil Gilbert*
District Judge
United States District Court
